# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| FRED MORGAN, | ) |
| Petitioner, | ) |
| v. | ) |
| | ) Civil Action |
| | ) No. 07-3465-CV-S-0DS-H |
| MARTY C. ANDERSON, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Petitioner has prepaid the filing fee and does not request leave to proceed in forma pauperis. Because petitioner's claims are without merit, it will be recommended that the petition for habeas corpus relief be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner alleges a denial of due process as a result of a disciplinary action at the Federal Correctional Institution, Ashland, Kentucky. Specifically, he alleges that he was found guilty of a drug violation in error, and that his due process rights were violated because his urine sample was not sealed in his presence. He also contends that his rights were violated when staff placed him in Administrative Detention before any violations occurred, and that he did not receive adequate notice of the charges before this occurred. After he received the DHO report, he was transferred on August 7, 2007, to the Medical Center and he never received the administrative remedy form that he requested from the Ashland staff. Petitioner also contends that

when he arrived at the Medical Center, he unsuccessfully attempted to exhaust his administrative remedies by filing a late appeal to the Regional Director.

A review of the record indicates that there was an investigation of the incident in question, in accordance with the panoply of due process rights accorded to petitioner by <u>Wolff v. McDonnell,</u> 418 U.S. 539 (1974). It is clear that petitioner received 24-hour advance written notice of the charges against him, that he had the opportunity to present witnesses, and that he was provided the opportunity to present a defense. According to the DHO report, petitioner did not request or call witnesses and declined staff representation. He was provided with a written statement of the findings and the reasons for the disciplinary action.

"Due process requirements are satisfied if there is any evidence in the record which supports the disciplinary action." <u>Mason v. Sargent,</u> 898 F.2d 679, 680 (8th Cir. 1990), <u>citing</u> <u>Superintendent v. Hill,</u> 472 U.S. 445, 455-56 (1985). The evidence relied upon by the DHO to find that petitioner was guilty of using marijuana included the fact that he provided a urine specimen that tested positive for marijuana, and he was not using any medications that would cause a positive test result. Further, during the hearing, he did not make a statement or attempt to defend himself. It was also noted that he signed the chain of custody form, which stated the urine specimen was provided by him, and that the container was sealed in his presence. Based on the Court's narrow review of internal prison affairs, there is clearly some evidence under <u>Superintendent</u> to support the finding of using marijuana by petitioner and the subsequent disciplinary measures that were taken. Given the broad discretion that prison officials have over internal prison affairs, it cannot be said that petitioner's due process rights were violated in this case.

Because petitioner was present at the hearing, was allowed to call witnesses, was allowed to rebut the charge, and because there was some evidence to support the finding of the DHO, the

Court finds that petitioner's due process rights were not violated, and that there was a factual basis for the disciplinary committee's decision.

Because petitioner's contentions are without merit, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner that the petition herein for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 1/14/09